**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**CHRISTOPHER L. HARRIS**

               **Plaintiff,**

**v.**

**U.S. BANK,**                                   **No. 16-cv-1204-DRH-SCW**

               **Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.     Introduction

Now before the Court is defendant U.S. Bank's motion to dismiss plaintiff's second amended complaint (Doc. 39) pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6). Plaintiff concedes to several of U.S. Bank's arguments, but still ultimately opposes the motion (Doc. 44). For the reasons explained below, the Court **GRANTS** defendant's motion to dismiss (Doc 39).

### II.     Background

Plaintiff Christopher L. Harris initially filed his complaint in the Circuit Court of Madison County, Illinois, on September 27, 2016 (Doc. 1-1). Thereafter, on November 2, 2016, this case was removed to the United States District Court for the Southern District of Illinois by Defendant U.S. Bank National Association (improperly identified as "US Bank, 3303 Nameoki Road, Granite City, IL 62040") (hereafter "U.S. Bank"), (Doc. 1). Subsequent to removal, on December 30, 2016,

Harris filed his amended complaint (Doc. 13). Plaintiff's amended complaint alleges that "this is a suit for conversion of a negotiable instrument pursuant to Universal Commercial Code ("U.C.C.") § 3-419(1), unjust enrichment and breach of simple contract." (Doc. 13). Plaintiff alleges that he executed and delivered a Purchase Agreement and Credit Order to U.S Bank "extending the amount of $797,588.00 in Plaintiff's credit upon acceptance and presentment at the Federal Reserve discount or acceptance window or open market desk." (Doc. 13). Thus, he claims that he "acted in the capacity of a lending or banking institution, and the issued instrument at Document 1-1, ID #14 is similar or equivalent to money, which may be treated as a deposit of money when received and accepted by U.S. Bank." (*Id*. at (¶8).

The aforementioned Purchase Agreement listed "special conditions" that stated: "If Seller chooses to refuse payment, Seller <u>MUST</u>, dishonor payment under days of grace, 72 hours, by returning the original instrument with its Certificate of Dishonor made under the hand and seal of the United States Consul or notary public or other person authorized to certify dishonor by the law of the place where dishonor occurs stating the reasons given for refusal." (Doc. 39-1, pg.2).[1] Thus, plaintiff argues that based on the fact that U.S. Bank received his offer to purchase and did not dishonor and return the original instrument, then a valid agreement

---

[1] Plaintiff failed to attach the Purchase Agreement and Credit Order that are referenced in his amended complaint. The exhibits were, however, included in his previously filed state court complaint (Doc. 1-1). As a result, Defendant U.S. Bank attached the Purchase Agreement and Credit Order to their pending motion to dismiss (Doc. 39-1) in order to provide the Court with a complete picture of plaintiff's allegations and defendant's defenses. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

was formed between the two parties. The amended complaint specifically sets forth claims for breach of contract, unjust enrichment, theft of property mislaid pursuant to Model Penal Code § 223.5, and constitutional tort all based on the Purchase Agreement.

Defendant filed the pending motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) on January 25, 2017 (Doc. 39). In the motion, defendant contends that plaintiff's breach of contract, unjust enrichment, theft, and constitutional tort claims all fail as a matter of law (Doc. 39). Naturally, plaintiff disagrees with defendant's assertions (Doc. 44) and has since moved to amend his complaint (Doc. 59). The Court will address each count of the complaint individually.

### III.  Motion to Dismiss

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

Although federal pleading standards were retooled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through

his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir.2011). With this in mind, the Court turns to plaintiff's complaint.

## IV.    Analysis

### a. Plaintiff's Unjust Enrichment and Breach of Contract Claims Fail.

In his first claim, Harris alleges that defendant breached a contract for the sale of land. Defendant moves to dismiss this count on the basis that the agreement is unenforceable under the Statute of Frauds. Defendant, in their motion to dismiss, argues that plaintiff's unjust enrichment and breach of contract claims fail as a matter of law because plaintiff's amended complaint fails to allege that U.S. Bank accepted plaintiff's purchase offer. Additionally, and in the alternative, defendant argues that the Statute of Frauds bars recovery based on the fact that defendant never signed plaintiff's Purchase Agreement pertaining to the sale of land. Ultimately, defendant argues that there was no acceptance or formation of a

contractual agreement, thus barring plaintiff's claims. Plaintiff claims that because U.S. Bank received his offer to purchase, and did not dishonor and return the original instrument, that somehow a valid agreement was formed between the two parties.

In this Circuit, the law ordinarily treats silence as rejection, not acceptance, of an offer. F*irst Nat'l Bank of Chi. v. Atl. Tele–Network Co.*, 946 F.2d 516, 519 (7th Cir.1991). However, silence may be construed as acceptance where 'because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept.'" *Bauer v. Qwest Commc'ns Co., LLC*, 743 F.3d 221 (7th Cir. 2014). Here, the alleged circumstances do not make it reasonable for plaintiff to construe silence as acceptance. Plaintiff's complaint contains no allegations that plaintiff had any prior relationship whatsoever with U.S. Bank that would permit silence to be construed as acceptance. Thus, silence, in is this case, shall not be construed as acceptance.

Moreover, defendant U.S. Bank is correct that the Statute of Frauds bars plaintiff's claims because U.S. Bank did not sign the Purchase Agreement sent by the plaintiff. Illinois has codified the "Statute of Frauds" in three places requiring certain types of agreements to be in writing to be enforceable: (1) agreements relating to executorship, suretyship, marriage, and performance over one year (see 740 ILCS 80/1); (2) agreements for the transfer of an interest in land (see 740 ILCS 80/2); and (3) agreements for the sale of goods over $500 (see 740 ILCS 5/2-201). Defendant argues that this case triggers the Statute of Frauds because it involves

the transfer of an interest in real estate and the contract for sale was never signed by a representative of the defendant.

To be enforceable, agreements that fall within the Statute of Frauds must be in writing and signed by the party to be charged. See *McInerney v. Charter Golf, Inc.*, 176 Ill. 2d 482, 680 N.E.2d 1347 (1997). The writing must contain the agreement's essential terms and "must demonstrate that there has been an agreement as to the essential terms of the contract, evidencing a 'meeting of the minds.' " *Bower v. Jones,* 978 F.2d 1004, 1009 (7th Cir.1992). The purpose of the writing requirement of the Frauds Act is not to enable parties to repudiate contracts that they have in fact made; it is only to prevent the fraudulent enforcement of asserted contracts that were in fact not made. *Rose v. Mavrakis*, 343 Ill. App. 3d 1086, 799 N.E.2d 469 (2003). Here, it is undisputed that U.S. Bank, the party to be charged, never signed the contract. As such, defendant set forth a statute of frauds defense based on the lack of a signature from the party to be charged.

Once a statute-of-frauds defense is raised, a plaintiff must affirmatively show the existence of an appropriate writing for the alleged real estate sale. Here, plaintiff fails, given that U.S. Bank never signed the contract at issue, nor communicated acceptance in any way. Furthermore, because it was determined that plaintiff has an express contract for the sale of real estate that is unenforceable under the statute of frauds, and because the circumstances are not such that plaintiff paid for the land and received nothing in return, his claim for unjust enrichment also

necessarily fails as a matter of law. See *Prodromos v. Poulos*, 202 Ill. App. 3d 1024, 560 N.E.2d 942 (1990) (plaintiff, who had express contract for sale of real estate which was unenforceable under statute of frauds and who did not make any payment for the land, did not have claim for unjust enrichment). Accordingly, plaintiff's breach of contract and unjust enrichment claims fail as a matter of law.

**b. Plaintiff's Model Penal Code § 223.5 Theft Claim Fails.**

Plaintiff next alleges a claim against defendant for "theft of property mislaid pursuant to Model Penal Code §223.5" (Doc. 13). Defendant moves to dismiss this count on the basis that neither Model Penal Code §223.5, nor the equivalent Illinois statute IL ST CH 720 § 5/16-2 (Theft of lost or mislaid property), provide a private right of action in this case. Specifically, defendant argues that the Model Penal Code is neither a federal nor Illinois law and it has no binding effect on this Court. Rather, the Model Penal Code is merely one source of guidance upon which courts may rely to interpret applicable criminal laws. See *U.S. v. U.S. Gypsum Co.*, 438 U.S. 422, 444 (1978); *People v. Perkins*, 408 Ill.App.3d 752, 758 (1st Dist. 2011). Also, IL ST CH 720 § 5/16-2 does not provide for civil liability or a private right of action. See IL ST CH 720 § 5/16-1, et seq. The Court finds that defendant's arguments are correct. Thus, plaintiff's claim for theft of property mislaid under Model Penal Code §223.5 fails as a matter of law.

**c. Plaintiff's Constitutional Tort Claim Fails.**

Finally, plaintiff alleges that defendant committed a constitutional tort by "fail[ing] or refus[ing] to take reasonable measures to restore and return Plaintiff's

original papers…" (Doc. 13). Plaintiff's complaint mentions violations of the Fourth Amendment and also Article I, § 10, clause 1 of the Constitution. In its motion to dismiss, defendant contends that plaintiff's Fourth Amendment claim fails as a matter of law because "[t]hat Amendment protects individual privacy against certain kinds of governmental intrusion …" *Katz v. United States*, 389 U.S. 347, 350 (1967), and U.S. Bank is not a state actor nor acting under the color of state law. Furthermore, defendant argues that plaintiff's claim under the Contract Clause also fails as matter of law because U.S. Bank is not a sovereign state. The Contract Clause provides that "No State shall … pass any … Law impairing the Obligation of Contracts …" U.S. Const. art. I, § 10, cl. 1. Defendant is correct as to plaintiff's constitutional tort claim, as U.S. Bank is neither a state actor, nor acting under the color of state law. Thus, plaintiff's constitutional tort claim fails as a matter of law.

### d. Motion to Amend (Doc. 59).

After briefing on the aforementioned motion to dismiss was completed, plaintiff then sought leave to amend his complaint (Doc. 59). In said motion, plaintiff attempts to state a cause of action against the United States Postal Service (Doc. 59). Courts "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Management*, LLC, 721 F.3d 865, 869 (7th Cir.2013). See also *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir.1992) ( "[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss.").

Here, the Court notes the futility of the proposed amendment due to the inadequacies of plaintiff's claims in his proposed third amended complaint in tandem with those alleged in his second amended complaint. Accordingly, plaintiff's motion to amend is denied (Doc. 59).

### V.       Conclusion

Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's second amended complaint (Doc. 39) and **DENIES** plaintiff's motion to amend (Doc. 59). This matter is **DISMISSED with prejudice**. All remaining motions (Docs. 30, 51 & 57) are **DENIED as moot.** The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2017.09.18
19:09:56 -05'00'

**United States District Judge**